## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR297 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PAUL CHARLES WOZNIAK, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion for a Bill of Particulars (Filing No. 12) by defendant, Paul Charles Wozniak, Jr. (Wozniak).   The government filed an opposition to the motion (Filing No. 15).

Wozniak is charged in the Indictment as follows:

### COUNT I

Beginning from an unknown date, and continuing until July 20, 2007, in the District of Nebraska and elsewhere, PAUL CHARLES WOZNIAK, Jr., the Defendant herein, did travel in interstate commerce with intent to distribute proceeds of an unlawful activity, and did otherwise promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, and thereafter performed and attempted to perform the distribution of proceeds of an unlawful activity, and the promotion, management, establishment or carrying on of an unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(1)(A) or (a)(3)(A).

### COUNT II

Upon conviction of the offense charged in Count I, the Defendant, CHARLES PAUL WOZNIAK, Jr., shall forfeit $91,500.07 of proceeds seized from PAUL CHARLES WOZNIAK, Jr., July 20, 2007, as personal property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956(a)(7), 1961(1) and 981(a)(1)(A).

In violation of Title 28, United States Code, Section 2461(c).

In his motion for a Bill of Particulars, Wozniak seeks:

1.      The particular subsections of 18 U.S.C. § 1956(c)(7)(D) Plaintiff alleges to be implicated in this case;

2.      The particular subsections of 18 U.S.C. § 1961(1)
        Plaintiff alleges to be implicated in this case;
3.      The particular subsections of 18 U.S.C. § 1952(b)
        Plaintiff alleges to be implicated in this case;
4.      Any other persons alleged to have involvement with
        such unlawful activity;
5.      The nature of any uncharged overt acts; and
6.      The circumstances of Defendant's alleged participation.

(Filing No. 12). The government opposes any bill of particulars and responds that any discovery material furnished Wozniak will be more than sufficient to inform Wozniak of the charges and prevent any prejudicial surprise at trial.

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); **see, e.g.**, *United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). The court has broad discretion in granting or denying a bill of particulars. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir.), **cert. denied sub nom.** *United States v. Ebanks*, 502 U.S. 813 (1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.**, *Garrett*, 797 F.2d at 665; *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Wessels*, 12 F.3d at 750; **see also** *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

The Travel Act, 18 U.S.C. § 1952 provides:

2

    (a)    Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to–
        (1)    distribute the proceeds of any unlawful activity; or
        (2)    commit any crime of violence to further any unlawful activity; or
        (3)    otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
and thereafter performs or attempts to perform--
        (A)    an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or . . . .

Section 1952(b) further defines "unlawful activity" as:

    (1)    any business enterprise involving <u>gambling</u>, <u>liquor</u> on which the Federal excise tax has not been paid, <u>narcotics or controlled substances</u> (as defined in section 102(6) of the Controlled Substances Act), or <u>prostitution</u> offenses in violation of the laws of the State in which they are committed or of the United States, (2) <u>extortion</u>, <u>bribery</u>, or <u>arson</u> in violation of the laws of the State in which committed or of the United States, or (3) <u>any act</u> which is indictable <u>under subchapter II</u> of chapter 53 of title 31, United States Code, <u>or under section 1956 or 1957</u> of this title. . . . (Emphasis Supplied).

    Thus, there is a wide range of unlawful activity that is punishable under Section 1952. The prohibited conduct is further expanded by reference to indictable acts under 31 U.S.C. or 18 U.S.C. §§ 1956 and 1957. The Indictment in this case is silent as to what is the unlawful activity for which Wozniak is alleged to have traveled in order to distribute proceeds, promote, manage, establish, carry on or facilitate. A defendant should not have to guess what unlawful activity the government has in mind to prove at trial and to be able to protect himself from former jeopardy. Accordingly, the government shall be required to specify what unlawful activity is the subject of Count I. Furthermore, the government shall be required to specify the violations of 18 U.S.C. §§ 1956(a)(7), 1961(l), and 981(a)(1) which subject Wozniak to the $91,500.07 to forfeiture.

    In this case, the government has adopted and "open file" policy of discovery whereby the defendant's counsel may review anything in the government's file apart from grand jury testimony. **See** Filing No. 7. **See *United States v. Canino***, 949 F.2d 928, 949 (7th Cir. 1991) (open file policy of government making a bill of particulars unnecessary); ***Stephenson***, 924 F.2d at 761-62. A review of the defendant's motion demonstrates the defendant is seeking, apart from the specification of the unlawful activity, evidentiary detail

3

from the government.  Such is not the function of a bill of particulars.  ***Matlock***, 675 F.2d
at 986.

Accordingly, the motion for a bill of particulars will be granted in part and denied in
part as set forth below.

**IT IS ORDERED:**

1.    Wozniak's motion for a Bill of Particulars (Filing No. 12) is granted in part as
set forth below.

2.    **On or before October 15, 2007**, the government shall file a Bill of Particulars
wherein the government shall:

      a.    specify the unlawful activity that is the subject of Count I; and

      b.    specify the violations of 18 U.S.C. §§ 1956(a)(7), 1961(l), and
          981(a)(1) which subject the $91,500.07 to forfeiture.

3.    Except as set forth in 2 above, the motion for a bill of particulars is denied.

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of
the Court within ten (10) days after being served with a copy of this Order.  Failure to timely
appeal may constitute a waiver of any objection to the Order.  The brief in support of any
appeal shall be filed  at the time of filing such appeal.  Failure to file a brief in support of any
appeal may be deemed an abandonment of the appeal.

DATED this 3rd day of October, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge